Dear Mr. Stokes:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. Specifically, you ask if the provision of La.R.S. 33:2501(B)(1) which allows any regular employee in the classified service who has been discharged or subjected to any disciplinary or corrective action to demand a hearing and investigation by the board which "shall be open to the public" is in conflict with, or an exception to, the Open Meetings Law found in La.R.S. 42:4.1 through 42:13?
You also want to know if the Open Meetings Law applies when matters of character, professional competence, physical or mental health of a person or the misconduct of an employee is discussed.
The issue of when a public body, which is required to hold open meetings, is allowed to go into executive session was previously discussed by this office in Attorney General Opinion Number 94-561. That opinion refers to La.R.S. 42:6, which allows for two thirds of a public body to vote at an open meeting to go into executive session to discuss matters which are specific statutory exceptions enumerated in La.R.S.42:6.1. According to La.R.S. 42:6.1(A)(1) and (4), these exceptions include discussions of character, professional competence, physical or mental health of a person as well as investigative proceedings regarding allegations of misconduct.
It should be noted that the exclusions do not authorize your board to conduct the entire hearing in executive session, nor does it authorize the employee the right to invoke an executive session. Further, any action taken by the board must be taken in open session.
Therefore, it is the opinion of this office that La.R.S. 33:2501 does not conflict with the provisions of Louisiana's Open Meetings Law. The board must hold its meeting open to the public, but may go into executive session for the limited purpose of discussing the character, professional competence, physical or mental health of an employee or for an investigative proceeding regarding allegations of misconduct. The exceptions do not constitute authority for your board to hold its entire hearing in private.
Attorney General Opinion Number 94-561 has been included for your review. We trust we have adequately answered your questions. If you require any further information, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc Enclosure
Date Released: June 12, 2003
OPINION NUMBER 94-561
DECEMBER 8, 1994
The Louisiana State Board of Certified Social Work Examiners must hold its disciplinary hearings open to the public as required by the Open Meetings Law. The Board may go into executive session for the limited purpose of discussing the character, professional competence, or physical or mental health of a licensee, pursuant to LSA-R.S. 42:6.1. This exception, however, does not constitute authority for the Board to hold its entire disciplinary hearing in private.
Ms. Carmencita C. Edwards, Chairperson Louisiana State Board of Certified Social Work Examiners 2820 Athania Parkway Metairie, Louisiana 70002
Dear Ms. Edwards:
You have requested the opinion of this office concerning the Louisiana Open Meetings Law, LSA-R.S. 42:4.1 et seq. that requests has been assigned to me for consideration and response. Specifically, you ask whether or not disciplinary hearing of the Louisiana State Board of Certified Social Work Examiners are open meeting and therefore, must be held open to the public. You state that a disciplinary hearing is scheduled for December 3, 1994, for a licensee who is charges with various violations and that council for such licensee has requested that the Board can conduct the disciplinary hearing closed to the public.
Louisiana Open Meetings law applies to all public bodies as that term is defined in LSA-R.S. Subsection 2. The Louisiana State Board of Certified Social Work Examiners is a public body for purposed of the Open Meeting Law as it is State ward functions. Thus, any meeting of the Louisiana State Board of Certified Social Work Examiners must be held in compliance with Louisiana Open Meetings Law which includes the requirement that all meeting be held open to the public. Unless closed to pursuant to a specific statutory exemption.
LSA-R.S. 42:6.1 for exceptions to the Open Meetings Law it states in pertinent part:
A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
 (1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of the appointment of a person to public body. In cases of extraordinary emergency, written notice to such person shall not be required; however, the public body shall give such notice as it deems appropriate and circumstances permit.
Applying this specific statutory exemption indicates if a licensee appealing the denial of a liquor license by the City Parish Alcoholic Beverage Control Board Office in Opinion Number 71-1 stated the following:
 The language of LSA-R.S. 42:6 is emphatic in limiting matters which may be discussed in closed meetings to those specifically enumerate in R.S. 42:6.1. Additionally, the provisions of Act No. 665 of 1976 (LA-R.S. 42:1 through 42:10) should be liberally construed in favor of the performance of public business in an open and public manner. LSA-R.S. 42:4.1
 Therefore, the "character, the professional competence, or physical or mental health" of one who has been refused a license by the Alcoholic Beverage Control Board, may be discussed in a closed meeting on the appeal of the denial. However, there does not appeal to be any additional exemption pursuant to which any other part of the appeal can be discussed in a closed meeting.
Likewise in this instance to the extent that the character, professional competence, or physical mental health of the licensee in question will be discussed. The Louisiana State Board of Certified Social Work Examiners may go into executive session pursuant to LSA-R.S. 42:6. However this not authorize the board to conduct the entire disciplinary hearing in executive session. Further, the licensee has no right when invoke an executive session. This is a matter for the board to decide and vote upon pursuant to LSA-R.S. 42:6.
Therefore, it is the opinion of this office that the Louisiana State Board of Certified Social Work Examiner must hold it disciplinary hearings open to the public as required by Louisiana Open Meetings Law. The Board may go into executive session with a limited purposed of discussing the character, professional competence, with physical or mental health of a licensee. Pursuant to LSA-R.S. 42:6.1. This exception however, does not constitute authority for the board to hold it entire disciplinary hearing in private. I hope that this adequately answers your question, if you require any further information please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ GENA M. PULEIO Assistant Attorney General
RPI/GMP/pb/94-561